UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE CAPTIONS COMPANY, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>HAMILTON RELAY, INC., et al.,<br><br>  Defendants. | CASE NO. 11-CV-02673 W (BLM)<br><br>**ORDER:**<br><br>**(1) LIFTING STAY; AND**<br><br>**(2) GRANTING IN PART & DENYING IN PART PLAINTIFFS' MOTION TO FILE PETITION TO CONFIRM ARBITRATION AWARD, ENTER JUDGMENT, AND MOTION TO LIFT STAY UNDER SEAL [DOC. 25]** |

   Pending before the Court is Plaintiff Mobile Captions Company, LLC's Motion to File its Petition to Confirm Arbitration Award, Enter Judgment, And Motion to Lift Stay Under Seal (the "Motion" [Doc. 25]).  On July 7, 2014, Defendant Hamilton Relay, Inc. filed a notice of non-opposition.  (*See Notice of Non-Opposition* [Doc. 27].)  Defendant CapTel, Inc. did not respond to the Motion.

   Federal law creates a strong presumption in favor of public access to court records.  But this right of access is not absolute. <u>San Jose Mercury New, Inc.</u>, 187

F.3d 1096, 1102 (9th Cir. 1999). "Every Court has supervisory power over its own records and files, and may provide access to court documents at its discretion." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See Hagestad, 49 F.3d at 1434.

Whenever a district court is asked to seal court records in a civil case, the presumption in favor of access can only be overcome by a showing of "sufficiently important countervailing interests." San Jose Mercury News, Inc., 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citing Valley Broad. Co. v. United States Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

The Ninth Circuit has expanded the common law right of access to pretrial documents produced in civil cases, including documents filed in connection with summary judgment motions. See San Jose Mercury News, Inc., 187 F.3d at 1102. Thus, unless the court issues a protective order the fruits of pretrial discovery are presumptively public. See id. at 1103. Even when a protective order purportedly requires sealing of court documents, the district court must still exercise more rigorous scrutiny before it forecloses public access. Id. at 1102; see also Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252 (4th Cir. 1988) (granting defendant's motion to unseal documents not covered by protective order).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); accord City of Hartford v. Chase, 942 F.2d 130, 136 (1st Cir. 1991) ("the trial court–not the parties themselves–should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed..."). In Brown v. Advantage Eng'g, Inc., 960 F.2d 1013 (11th Cir. 1992), the Eleventh Circuit vacated a district court's sealing order where the sole justification offered for the order was that sealing was necessary to facilitate settlement. The court held that such a justification did not overcome the public's presumptive right of access to the sealed court records:

> It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances ... the court file must remain accessible to the public.

Id. at 1016.

Here, Plaintiff seeks an order "allowing MCC to file under seal its petition to confirm arbitration award, enter judgment, and its motion to lift stay of this case." (*Motion*, 1:1–3.) The basis for the request is the "arbitration award, which is discussed in and attached to the motion, contains information about the business of Defendant Hamilton Relay, Inc. . . . which Hamilton believes to be confidential and proprietary." (*Id.*, 1:3–6.)

The Court, however, has reviewed Plaintiff's Petition to Confirm Arbitration Award, Enter Judgment, and Motion to Lift Stay (the "Petition"), which is currently lodged as a "sealed" document. The Petition does not reference any information

about Defendant Hamilton's business.  Instead, the document appears to simply summarize the arbitration panel's award and ultimate decision as to each count.  Plaintiff, therefore, has failed to demonstrate that the Petition should be filed under seal.

With respect to the Arbitration Award, attached as Exhibit A to the Petition, the document references Defendant Hamilton's business information.  Thus, the Court finds that sealing the Arbitration Award is appropriate to protect Defendant Hamilton's confidential and proprietary business information.[1]

Based on the forgoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion [Doc. 25] and **ORDERS** as follows:

1. In light of the Arbitration Award, the Court **VACATES** the **STAY** in this case.
2. Plaintiff's request to file the Petition under seal is **DENIED**.  However, Plaintiff's request to file under seal the Arbitration Award, attached as Exhibit A to the Petition, is **GRANTED**.  Therefore, the Clerk shall file the remainder of the Petition as a public document.

In light of Plaintiff's Petition, the Court further **ORDERS** the following briefing schedule:

1. Any opposition to the Petition is due on or before **August 22, 2014**.  Plaintiff's reply, if any, is due on or before **September 5, 2014**.
2. The parties may file under seal any exhibits attached to the opposition or reply that contain Defendant Hamilton's confidential and proprietary business information.  To the extent the opposition brief or reply brief reference such information, the parties shall file a version of the brief that redacts references to Defendant Hamilton's confidential

---

[1] The Court notes that the Agreement attached as Exhibit B to the proposed Petition is also attached as Exhibit 1 to the Complaint.  (*See Compl.* [Doc. 1], Ex. 1.)  Thus, the Court need not consider whether the Agreement may be filed under seal.

and proprietary business information, and a second version of the brief under seal that is unredacted.  The parties shall provide a courtesy copy of the unredacted version of the opposition brief or reply brief to the Court's Chambers.

Upon submission of the above briefing, the matter shall be deemed under submission.

**IT IS SO ORDERED.**

DATED: August 1, 2014

Hon. Thomas J. Whelan
United States District Judge